UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 4:09-cr-0025-01 (B/F) |
| | ) | |
| DAVID SCOTT SAFFELL, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on December 20, 2010, designating this Magistrate Judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed with the Court on December 14, 2010 and December 17, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held December 20, 2010 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Saffell appeared in person with his appointed counsel, Bill Dazey, Office of Indiana Federal Community Defender. The government appeared by Matt Rinka, Assistant United States Attorney. U. S. Parole and Probation appeared by Todd C. Schaefer, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Bill Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Saffell in regard to the pending Petition for Revocation of Supervised Release, filed December 14, 2010, and the Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed December 17, 2010.

2. A copy of the Petitions were provided to Mr. Saffell and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Saffell was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petitions.

4. Mr. Saffell was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Saffell was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Saffell had violated an alleged condition or conditions of his supervised release set forth in the Petitions, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Dazey stated that Mr. Saffell would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petitions. Mr. Saffell executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Saffell, by counsel, stipulated that he committed the specified violations set forth in the Petitions for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

**Petition for Warrant or Summons for Offender Under Supervision, filed December 14, 2010:**

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
| **2** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| **3** | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| **4** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

        On April 20, 2010, the probation officer received information from the Dearborn County Sheriff's Department the offender was associating with a known drug dealer, Walter Witte, who is actively on probation for a felony in Moores Hill, Indiana.

        On April 21, 2010, during a telephone conversation with the offender, he admitted Walter Witte helped him move his vehicle; however, he denied any further contact.

        On April 22, 2010, during an office visit with the offender, he admitted being aware Walter Witte was on probation for "something to do with drugs." He further admitted being inside Witte's home "4

or 5 times." Additionally, the offender admitted knowing Walter Witte was actively selling marijuana, and explained "it is obvious, there is traffic there all day and night, but I never bought or used any drugs with him."

The offender failed to report any contact with Walter Witte on any monthly report form.

**5** **"The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer."**

On September 13, 2010, the offender submitted a urine sample which returned dilute.

On October 28, 2010, the Center for Chemical Addictions Treatment reported the offender failed to report or call for a scheduled counseling appointment.

On November 15, 2010, the probation officer instructed the offender to participate in random drug testing by telephone. He was provided the telephone number and assigned a color code. He was directed to call daily. In the event his color was called, he was to report to the Center for Chemical Addictions Treatment for urinalysis.

On November 20, 2010, the Center for Chemical Addictions Treatment reported the offender failed to appear for random urinalysis.

On November 24, 2010, the probation officer contacted the offender to inquire about his missed urinalysis. The offender reported he was unaware he had to call on weekends, despite of being given specific instructions by the probation officer to call daily on November 15, 2010. At that time, the probation officer redirected him to call the drop line every day of the week. Additionally, he was informed the probation office would be placing a sweat patch on him to detect any illicit drug use on November 30, 2010.

On November 27, 2010, the Center for Chemical Addictions Treatment reported the offender failed to appear for random urinalysis.

On November 30, 2010, the probation officer contacted the offender to inquire about his second missed urinalysis. The offender reported he misunderstood the probation officer. He indicated he thought because he was getting a sweat patch, he no longer had to call the drop line.

On three separate occasions, the offender was directed by the undersigned to call the drop line daily.

**6** **"The defendant shall refrain from any unlawful use of a controlled substance."**

**7** **"The defendant shall refrain from excessive use of alcohol and shall not purchased, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."**

**8** **"The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered."**

On December 7, 2010, the offender reported to the probation office to have his sweat path removed for analysis. Evaluation on the patch revealed it had been tampered with and was untestable.

On December 7, 2010, the offender admitted to taking one Vicodin, which was not prescribed to him, about one month prior to this date for a toothache; however, he denied tampering with the patch or using any other illegal substances. Later on December 7, the offender admitted to the probation officer he used Vicodin, which was not prescribed to him, the day the patch was removed, because he hurt his knee.

A urine sample taken on December 7, 2010, returned positive for morphine. The lab technician confirmed morphine is not derived from Vicodin; therefore, the offender is not being truthful about his substance abuse.

**9** **"The defendant shall perform 200 hours of community service as directed by the probation officer."**

**10** **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."**

On September 28, 2010, the probation officer contacted Deputy Mike Fogel of the Dearborn County Sheriff's Department in order to verify several hours of community service work reported by the offender.

The probation officer informed Deputy Fogel the offender submitted five community service forms indicating 53 hours of service was completed for the Dearborn County Sheriff's Department as follows: August 2010, 11 hours; May 2010, 13 hours; April 2010, 15 hours; March 2010, 10 hours; and October 2009, 4 hours.

The probation officer advised Deputy Fogel his signature appears on each of the forms submitted by the offender.

Deputy Fogel advised the probation officer that Dewayne Johnson, a reserve deputy and the uncle of the offender, contacted in late 2009. Johnson requested the offender be allowed to complete community service work for the department. Deputy Fogel stated he arranged to have the offender clean the department boat. Deputy Fogel advised he has not had contact with the offender since late 2009. Additionally, Deputy Fogel advised he did not sign any of the forms in the probation officer's possession.

The probation officer confronted the offender with the community service forms signed and submitted to the probation office with Deputy Fogel's signature. Additionally, the probation officer confronted the offender with the fact each signature appears different. The offender initially stated the deputy was lying. He then altered his story by stating he would leave his community service forms at the front desk of the Sheriff's Department and was unsure who signed them. The probation officer then suggested we contact the secretary or clerk who he would pick up the forms from, and he replied, "it was a different person every time." At that time, the probation officer suggested to the offender he forged the documents. The offender would not admit signing the documents; however, he could not explain who did.

On October 21, 2010, the probation officer spoke with Dan Ecstein, Sunman Town Hall, and requested community service work for the offender, who lives approximately two miles away. Mr. Ecstein advised he had plenty of work for the offender; however, it would be the offender's responsibility to make arrangements with him. The probation officer called and advised the offender of Mr. Ecstein's proposal, address, and telephone number. As of November 22, 2010,

the offender has not completed any community service work for Sunman Town Hall.

The offender falsely reported he completed community service work on his monthly report forms for the months of October 2009; March 2010; April 2010; May 2010; and August 2010.

| | |
|---|---|
| **11** | **"If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments Sheet of this judgment."** |

According to the judgment and schedule of payments, the offender was ordered to pay $1,310 of restitution at a rate of $50 per month. The offender has failed to make any payments since June 1, 2010.

The offender has been employed throughout supervision. He was initially employed with Jim's Mini Tours and is currently employed with Elwood Staffing. He reports earning $8.00 per hour and often exceeds 40 hours per week, thus earning overtime pay.

It appears the offender has the ability to pay the $50 per month restitution ordered; however, he willfully fails to do so.

**Supplemental Petition for Warrant or Summons for Offender Under Supervision, filed December 17, 2010:**

| Violation Number | Nature of Noncompliance |
|---|---|
| **12** | **"The defendant shall not commit another federal, state or local crime."** |
| **13** | **"The defendant shall not unlawfully possess a controlled substance."** |
| **14** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |
| **15** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |

On December 15, 2010, U. S. Probation Officers, with assistance from Ripley County Sheriff's Deputies, conducted an approved search of the offender's home located at 121 Eastern Avenue, Sunman, Indiana.

Upon entry into the residence, the offender observed Officer Schaefer and immediately fled into a hallway bathroom. Two plastic bags containing an unknown powdery/white substance were found in the bathroom sink. David Saffell later admitted to Officer Schaefer he threw two bags into the bathroom sink, and further stated the substance in each bag was heroin. Consequently, he was arrested and charged with Possession of Heroin, felony.

Additionally, the offender stated he was actively using heroin, and estimated using approximately one or two grams per day for the past month.

**16** **"The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer."**

On December 14, 2010, the Center for Chemical Addictions Treatment reported the offender failed to appear for random urinalysis.

Counsel for the parties stipulated the following:

(1) Mr. Saffell and the government agreed they were ready to proceed to disposition on the pending Petitions to revoke supervised release in open Court this date.

(2) Mr. Saffell admitted he committed the violations of specifications set forth in the Petition to Revoke Supervised Release and the Supplemental Petition to Revoke Supervised Release stated above.

(3) Mr. Saffell has a relevant criminal history category of IV.  *See*, U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Saffell constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. Saffell is 12-18 months.

(6) The parties agreed on the appropriate disposition of the case as follows:

The defendant be sentenced to a period of confinement of 15 months to the custody of the Attorney General, with no supervised release to follow.

The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

2. The Court then placed Mr. Saffell under oath and inquired directly of him whether he admitted committing the violations of supervised release contained in the Petitions. Mr. Saffell admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, David Scott Saffell, violated the above-delineated conditions in the Petitions.

Mr. Saffell's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 15 months, with no supervised release to follow. It is recommended that Mr. Saffell serve his sentence in the Federal Correctional Institution at Terre Haute, Indiana. The service of the sentence shall begin immediately.

The Magistrate Judge requests that Todd Schaefer, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable,

a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Saffell stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within ten days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Saffell's supervised release and imposing a sentence of imprisonment of 15 months in the custody of the Attorney General or his designee. It is recommended by this Magistrate Judge that the defendant be confined in the Federal Correctional Institution at Terre Haute, Indiana. Further, that upon Mr. Saffell's release from confinement, he will not be subject to a term of supervised release.

**IT IS SO RECOMMENDED** this 20th day of December, 2010.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Matt Rinka,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Bill Dazey,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal